UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL RODRIGUEZ,

    Plaintiff,

    v.

DR. RANDALL GO,

    Defendant.

_____/

No. C 06-5758 PJH

**ORDER DISMISSING COMPLAINT AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

The court has received plaintiff's complaint and application to proceed in forma pauperis, both filed in this court on September 20, 2006. Because there is no legal basis for plaintiff's complaint, the Court denies plaintiff's application and dismisses the complaint sua sponte.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id., 490 U.S. at 324, 109 S. Ct. at 1831. Where a litigant is acting pro se and the court finds the litigant's complaint

1   frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant
2   notice of the deficiencies of the complaint and an opportunity to amend before final
3   dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be
4   cured by amendment.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Eldridge v.
5   Block</u>, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

6          Plaintiff's complaint alleges a medical negligence claim against defendant, Dr.
7   Randall Go.  <u>See</u> Complaint, p.1.  Specifically, plaintiff alleges that on August 15, 2003, he
8   saw Dr. Go, at which time plaintiff allegedly informed Dr. Go that plaintiff had a history of
9   glaucoma.  <u>See id</u>.  According to plaintiff, despite his statements regarding his eye history,
10  Dr. Go failed to refer plaintiff to an ophthalmologist.  <u>Id</u>.  It was not until some time later,
11  when plaintiff went to a subsequent eye examination, that plaintiff was finally referred to an
12  ophthalmologist, who informed plaintiff that the vision in plaintiff's left eye "is lost for ever."
13  <u>Id</u>.  Plaintiff appears to seek a minimum recovery of $75,000.00.  <u>Id</u>.

14         Preliminarily, plaintiff's allegations are insufficient to demonstrate that the federal
15  courts have subject matter jurisdiction over plaintiff's claims.  The federal courts are only
16  permitted to hear disputes that arise from a violation of a federal law (i.e., federal question
17  jurisdiction), or disputes between citizens of different states with over $75,000 in dispute
18  (i.e., diversity jurisdiction).  <u>See</u> 28 U.S.C. §§ 1331, 1332.  As such, plaintiff must
19  demonstrate either that the defendant(s) have violated his federal rights, or that he and all
20  defendants are citizens of different states and there are more than $75,000 in dispute.

21         Here, plaintiff apparently seeks to invoke diversity jurisdiction: he specifically
22  requests recovery in the minimum amount of $75,000.  <u>See</u> Complaint, p.1 ($75,000
23  notation initialed by plaintiff).  Yet plaintiff nowhere includes allegations regarding the
24  parties' citizenship.  Nor does plaintiff allege any violation of federal law or statute that
25  would be sufficient to invoke federal question jurisdiction.  Therefore, as currently pled, it is
26  impossible for the court to determine whether the federal courts are empowered to hear the
27  instant dispute.  As such, plaintiff has failed to set forth "a short and plain statement of the
28

claim showing that the pleader is entitled to relief", as required by Rule 8 of the Federal Rules of Civil Procedure.  Accordingly, pursuant to its authority under 28 U.S.C. § 1915, the court hereby DISMISSES plaintiff's complaint for lack of subject matter jurisdiction and because as such, it is frivolous.

The court will, however, allow plaintiff an opportunity to file an amended complaint. For that amended complaint to be successful, plaintiff must demonstrate a basis for federal subject matter jurisdiction, must allege separate causes of action, must state a constitutional or statutory basis for each cause of action, and must allege facts showing each defendant's personal involvement in the wrongful act alleged in each cause of action, as well as plaintiff's harm or injury.  Any amended complaint must be filed no later than **February 5, 2007**.

If plaintiff fails to file the amended complaint by February 5, 2007, or if he files an amended complaint not in accordance with the above instructions, the case will be dismissed with prejudice.

Because the court orders dismissal pursuant to 28 U.S.C. § 1915, plaintiff's request to proceed in forma pauperis is DENIED.

**IT IS SO ORDERED.**

Dated: January 8, 2007

PHYLLIS J. HAMILTON
United States District Judge

3