UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL RODRIGUEZ,

    Plaintiff,

    v.

DR. RANDALL GO,

    Defendant.

_____/

No. C 06-5758 PJH

**ORDER OF DISMISSAL**

The court dismissed plaintiff's complaint with leave to amend for lack of subject matter jurisdiction. The court has received and reviewed plaintiff's amended complaint and finds that it similarly fails to plead this court's subject matter jurisdiction.

Plaintiff's original complaint alleged a medical negligence claim against defendant, Dr. Randall Go. See Complaint, p.1. Specifically, plaintiff alleged that on August 15, 2003, he saw Dr. Go, at which time plaintiff allegedly informed Dr. Go that plaintiff had a history of glaucoma. See id. According to plaintiff, despite his statements regarding his eye history, Dr. Go failed to refer plaintiff to an ophthalmologist. Id. It was not until some time later, when plaintiff had a subsequent eye examination, that plaintiff was finally referred to an ophthalmologist, who informed plaintiff that the vision in plaintiff's left eye "is lost for ever." Id. Plaintiff appears to seek a minimum recovery of $75,000.00. Id.

In the order dismissing the complaint, plaintiff was advised that these allegations were insufficient to demonstrate that the federal courts have subject matter jurisdiction over his claims. The federal courts are only permitted to hear disputes that arise from a violation

of a federal law (i.e., federal question jurisdiction), or disputes between citizens of different states with over $75,000 in dispute (i.e., diversity jurisdiction).  See 28 U.S.C. §§ 1331, 1332.  As such, plaintiff was required to plead either that the defendant violated his federal rights, or that he and all defendants are citizens of different states and that more than $75,000 was in dispute.

Plaintiff's amended complaint states in its entirety as follows:

DR. RANDALL GO, DEFENDANT.
1. DR. Randall Go Have Federal Insurant, or any kind insurant and City Insurant or ophthalmologist insurant, and optic insurant oh same insurant.
2. Dr Randall Refuse several time or more to give me eye trimmer.  But some two of his new helper tell him that I had to pay for the exam, went him knew about my glaucoma condition, we out call in medical for help.  Or refer me an ophthalmologist for treatment my glaucoma him did not do help it my left eye from harm.
3. Until he said the cost of my eye examination, That went motor Vehicle
4. Send me take exam to my eye His auxiliary Dr did exam and he send me
5. To ophamolgist.
6. DR.Randall insurant had to pay for his wrongful mistake.
7. I law suit DR. Randall for $150,000.00 Included court feet, and $10.000.00 Judge Feet.

These allegations continue to appear to the court to be ones for medical negligence or malpractice, claims that arise under state not federal law.  Additionally, it appears that plaintiff is seeking damages in the amount of $150,000.00, which suggests that he is attempting to invoke the court's diversity jurisdiction rather than federal question jurisdiction.  However, plaintiff was specifically told that diversity jurisdiction was available only for cases in which the plaintiff and the defendants were citizens of different states and that he had to include the citizenship of each of the parties in his amended complaint.  Plaintiff failed to do so and it is still impossible to conclude that this court has jurisdiction to hear this dispute.

Additionally, assuming this is solely a negligence claim based on state law, plaintiff alleges that the negligent act occurred on August 15, 2003, more than three years before he filed his complaint.  The statute of limitations for personal injury claims in California is two years. California Code of Civil Procedure § 335.1

Accordingly, because plaintiff has not established in two attempts that this court has

subject matter jurisdiction over the amended complaint, the complaint is dismissed. Because a further amendment would be futile in view of the two-year statute of limitations, the dismissal is without leave to amend.

    IT IS SO ORDERED.

DATED: February 12, 2007

                                                            PHYLLIS J. HAMILTON  
                                                            United States District Judge